JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Henry L. Fambrough

**DEFENDANTS**

Frank R. Washington

**(b)** County of Residence of First Listed Plaintiff   Troy, Michigan
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   Philadelphia, PA
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Luther E. Weaver, III   215-790-0600   (also, see attachment)
Weaver & Associates, P.C.
1525 Locust St. 14th Fl, Phila., PA 19102

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1  U.S. Government
       Plaintiff
- ☒ 3  Federal Question
       *(U.S. Government Not a Party)*
- ☐ 2  U.S. Government
       Defendant
- ☐ 4  Diversity
       *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                      *and One Box for Defendant)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☒ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment<br>   & Enforcement of Judgment<br>☐ 151 Medicare Act<br>☐ 152 Recovery of Defaulted<br>   Student Loans<br>   (Excludes Veterans)<br>☐ 153 Recovery of Overpayment<br>   of Veteran's Benefits<br>☐ 160 Stockholders' Suits<br>☐ 190 Other Contract<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | **PERSONAL INJURY**<br>☐ 310 Airplane<br>☐ 315 Airplane Product<br>   Liability<br>☐ 320 Assault, Libel &<br>   Slander<br>☐ 330 Federal Employers'<br>   Liability<br>☐ 340 Marine<br>☐ 345 Marine Product<br>   Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle<br>   Product Liability<br>☐ 360 Other Personal<br>   Injury<br>☐ 362 Personal Injury -<br>   Medical Malpractice | **PERSONAL INJURY**<br>☐ 365 Personal Injury -<br>   Product Liability<br>☐ 367 Health Care/<br>   Pharmaceutical<br>   Personal Injury<br>   Product Liability<br>☐ 368 Asbestos Personal<br>   Injury Product<br>   Liability<br>**PERSONAL PROPERTY**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal<br>   Property Damage<br>☐ 385 Property Damage<br>   Product Liability | ☐ 625 Drug Related Seizure<br>   of Property 21 USC 881<br>☐ 690 Other | ☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal<br>   28 USC 157<br>**PROPERTY RIGHTS**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 835 Patent - Abbreviated<br>   New Drug Application<br>☒ 840 Trademark<br>**SOCIAL SECURITY**<br>☐ 861 HIA (1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g))<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g)) | ☐ 375 False Claims Act<br>☐ 376 Qui Tam (31 USC<br>   3729(a))<br>☐ 400 State Reapportionment<br>☐ 410 Antitrust<br>☐ 430 Banks and Banking<br>☐ 450 Commerce<br>☐ 460 Deportation<br>☐ 470 Racketeer Influenced and<br>   Corrupt Organizations<br>☐ 480 Consumer Credit<br>☐ 490 Cable/Sat TV<br>☐ 850 Securities/Commodities/<br>   Exchange<br>☐ 890 Other Statutory Actions<br>☐ 891 Agricultural Acts<br>☐ 893 Environmental Matters<br>☐ 895 Freedom of Information<br>   Act<br>☐ 896 Arbitration<br>☐ 899 Administrative Procedure<br>   Act/Review or Appeal of<br>   Agency Decision<br>☐ 950 Constitutionality of<br>   State Statutes |
| **REAL PROPERTY**<br>☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property | **CIVIL RIGHTS**<br>☐ 440 Other Civil Rights<br>☐ 441 Voting<br>☐ 442 Employment<br>☐ 443 Housing/<br>   Accommodations<br>☐ 445 Amer. w/Disabilities -<br>   Employment<br>☐ 446 Amer. w/Disabilities -<br>   Other<br>☐ 448 Education | **PRISONER PETITIONS**<br>**Habeas Corpus:**<br>☐ 463 Alien Detainee<br>☐ 510 Motions to Vacate<br>   Sentence<br>☐ 530 General<br>☐ 535 Death Penalty<br>**Other:**<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition<br>☐ 560 Civil Detainee -<br>   Conditions of<br>   Confinement | **LABOR**<br>☐ 710 Fair Labor Standards<br>   Act<br>☐ 720 Labor/Management<br>   Relations<br>☐ 740 Railway Labor Act<br>☐ 751 Family and Medical<br>   Leave Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Employee Retirement<br>   Income Security Act<br>**IMMIGRATION**<br>☐ 462 Naturalization Application<br>☐ 465 Other Immigration<br>   Actions | **FEDERAL TAX SUITS**<br>☐ 870 Taxes (U.S. Plaintiff<br>   or Defendant)<br>☐ 871 IRS—Third Party<br>   26 USC 7609 | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original
       Proceeding
- ☐ 2 Removed from
       State Court
- ☐ 3 Remanded from
       Appellate Court
- ☐ 4 Reinstated or
       Reopened
- ☐ 5 Transferred from
       Another District
       *(specify)*
- ☐ 6 Multidistrict
       Litigation -
       Transfer
- ☐ 8 Multidistrict
       Litigation -
       Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Latham Act 15 U.S.C. 1051, et seq.

Brief description of cause:
action for violation of Plaintiffs' trademark

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION
UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☐ Yes   ☒ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*
JUDGE                                    DOCKET NUMBER

DATE   2-8-2019

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #          AMOUNT          APPLYING IFP          JUDGE          MAG. JUDGE

FEB -8 2019

## DESIGNATION FORM

*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: 2956Tewksbury Lane, Troy, Michigan 48098

Address of Defendant: 815 N. Preston Street, Philadelphia, PA 19104

Place of Accident, Incident or Transaction: Interstate Commerce

---

**RELATED CASE, IF ANY:**

Case Number: _____  Judge: _____  Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

| | | Yes | No |
|---|---|---|---|
| 1. | Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court? | ☐ | ☑ |
| 2. | Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court? | ☐ | ☑ |
| 3. | Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court? | ☐ | ☑ |
| 4. | Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual? | ☐ | ☑ |

I certify that, to my knowledge, the within case ☐ is / ☑ is not  related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 02/08/2019 _____   _Attorney-at-Law / Pro Se Plaintiff_   17827
_Attorney I.D. # (if applicable)_

---

**CIVIL:** (Place a √ in one category only)

**A.** *Federal Question Cases:*

- ☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
- ☐ 2. FELA
- ☐ 3. Jones Act-Personal Injury
- ☐ 4. Antitrust
- ☐ 5. Patent
- ☐ 6. Labor-Management Relations
- ☐ 7. Civil Rights
- ☐ 8. Habeas Corpus
- ☐ 9. Securities Act(s) Cases
- ☐ 10. Social Security Review Cases
- ☑ 11. All other Federal Question Cases
  *(Please specify):* _____ Lanham Act _____

**B.** *Diversity Jurisdiction Cases:*

- ☐ 1. Insurance Contract and Other Contracts
- ☐ 2. Airplane Personal Injury
- ☐ 3. Assault, Defamation
- ☐ 4. Marine Personal Injury
- ☐ 5. Motor Vehicle Personal Injury
- ☐ 6. Other Personal Injury *(Please specify):* _____
- ☐ 7. Products Liability
- ☐ 8. Products Liability – Asbestos
- ☐ 9. All other Diversity Cases
  *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, _____ Luther E. Weaver, III _____, counsel of record *or* pro se plaintiff, do hereby certify:

- ☐ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;
- ☑ Relief other than monetary damages is sought.

DATE: 02/08/2019 _____   _Attorney-at-Law / Pro Se Plaintiff_   17827
_Attorney I.D. # (if applicable)_

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

Civ. 609 (5/2018)

FEB - 8 2019

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: 2956 Tewksbury Lane, Troy, Michigan 48098

Address of Defendant: 815 N. Preston Street, Philadelphia, PA 19104

Place of Accident, Incident or Transaction: Interstate Commerce

---

**RELATED CASE, IF ANY:**

Case Number: _____ Judge: _____ Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?  Yes ☐  No ☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?  Yes ☐  No ☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?  Yes ☐  No ☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?  Yes ☐  No ☑

I certify that, to my knowledge, the within case ☐ is / ☑ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 02/08/2019          _____, Esq.          17827
                          *Attorney-at-Law / Pro Se Plaintiff*          *Attorney I.D. # (if applicable)*

---

**CIVIL: (Place a √ in one category only)**

**A.** *Federal Question Cases:*

☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
☐ 2. FELA
☐ 3. Jones Act-Personal Injury
☐ 4. Antitrust
☐ 5. Patent
☐ 6. Labor-Management Relations
☐ 7. Civil Rights
☐ 8. Habeas Corpus
☐ 9. Securities Act(s) Cases
☐ 10. Social Security Review Cases
☑ 11. All other Federal Question Cases
       *(Please specify):* _____ Lanham Act

**B.** *Diversity Jurisdiction Cases:*

☐ 1. Insurance Contract and Other Contracts
☐ 2. Airplane Personal Injury
☐ 3. Assault, Defamation
☐ 4. Marine Personal Injury
☐ 5. Motor Vehicle Personal Injury
☐ 6. Other Personal Injury *(Please specify):* _____
☐ 7. Products Liability
☐ 8. Products Liability – Asbestos
☐ 9. All other Diversity Cases
       *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, ____ Luther E. Weaver, III ____, counsel of record *or* pro se plaintiff, do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☑ Relief other than monetary damages is sought.

DATE: 02/08/2019          _____, Esq.          17827
                          *Attorney-at-Law / Pro Se Plaintiff*          *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

Civ. 609 (5/2018)

**Additional Defendants**

**Henry L. Fambrough v. Frank R. Washington, et al.**

Andrea Jackson
7715 Crittenden Street
Philadelphia, PA 19118

AMJ Entertainment, AMJ Management Group, AMJ Entertainment Events
7715 Crittenden St.
Philadelphia, PA 19118

John Does 1 through 10

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

|  |  |  |
|---|---|---|
| HENRY L. FAMBROUGH | : | CIVIL ACTION |
| v. | : | |
| FRANK R. WASHINGTON, et al | : | NO. 19     568 |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

## SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255. ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits. ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2. ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos. ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.) ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks. (✓)

|  |  |  |
|---|---|---|
| | Luther E. Weaver, III, Esquire | Henry L. Fambrough |
| **Date** | **Attorney-at-law** | **Attorney for** |
| (215) 790-0600 | (215) 790-0628 | lew@leweaver.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

FEB - 8 2019

**Civil Justice Expense and Delay Reduction Plan**
**Section 1:03 - Assignment to a Management Track**

(a)        The clerk of court will assign cases to tracks (a) through (d) based on the initial pleading.

(b)        In all cases not appropriate for assignment by the clerk of court to tracks (a) through (d), the plaintiff shall submit to the clerk of court and serve with the complaint on all defendants a case management track designation form specifying that the plaintiff believes the case requires Standard Management or Special Management.  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

(c)        The court may, on its own initiative or upon the request of any party, change the track assignment of any case at any time.

(d)        Nothing in this Plan is intended to abrogate or limit a judicial officer's authority in any case pending before that judicial officer, to direct pretrial and trial proceedings that are more stringent than those of the Plan and that are designed to accomplish cost and delay reduction.

(e)        Nothing in this Plan is intended to supersede Local Civil Rules 40.1 and 72.1, or the procedure for random assignment of Habeas Corpus and Social Security cases referred to magistrate judges of the court.

**SPECIAL MANAGEMENT CASE ASSIGNMENTS**
**(See §1.02 (e) Management Track Definitions of the**
**Civil Justice Expense and Delay Reduction Plan)**

Special Management cases will usually include that class of cases commonly referred to as "complex litigation" as that term has been used in the Manuals for Complex Litigation.  The first manual was prepared in 1969 and the Manual for Complex Litigation Second, MCL 2d was prepared in 1985.  This term is intended to include cases that present unusual problems and require extraordinary treatment.  See §0.1 of the first manual.  Cases may require special or intense management by the court due to one or more of the following factors:  (1) large number of parties; (2) large number of claims or defenses; (3) complex factual issues; (4) large volume of evidence; (5) problems locating or preserving evidence; (6) extensive discovery; (7) exceptionally long time needed to prepare for disposition; (8) decision needed within an exceptionally short time; and (9) need to decide preliminary issues before final disposition.  It may include two or more related cases.  Complex litigation typically includes such cases as antitrust cases; cases involving a large number of parties or an unincorporated association of large membership; cases involving requests for injunctive relief affecting the operation of large business entities; patent cases; copyright and trademark cases; common disaster cases such as those arising from aircraft crashes or marine disasters; actions brought by individual stockholders; stockholder's derivative and stockholder's representative actions; class actions or potential class actions; and other civil (and criminal) cases involving unusual multiplicity or complexity of factual issues.  See §0.22 of the first Manual for Complex Litigation and Manual for Complex Litigation Second, Chapter 33.

**Additional Attorney of Record to be Listed:**

Paul Mathis, Jr., Esq.[1]

Paul Mathis, LLC
716 Tampa Dr.
Greenville, MS 38701

Mailing:
P.O. Box 936
Greenville, MS 38702-0926

Licensed and Admitted:

Michigan Bar. No. P-24761
Mississippi  Bar. No. 8993

PACER Account:  2691334

Email:
paulmathis@bellsouth.net

---

[1] Application Pro Hac Vice , Pending

TXT



# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**SPINNERS PERFORMING ARTS, LLC, D/B/A "THE SPINNERS" AND
HENRY L. FAMBROUGH**

**PLAINTIFFS**

**VS**                          CIVIL ACTION NO____ **19     568**

**FRANK WASHINGTON, INDIVIDUALLY, HIS AGENTS
AND JOHN DOES 1-10, ACTING IN CONCERT WITH HIM;
ANDREA JACKSON, INDIVIDUALLY; AMJ ENTERTAINMENT GROUP, AMJ
MANAGEMENT, and AMJ ENTERTAINMENT EVENTS**

**DEFENDANTS**

## VERIFIED COMPLAINT

COMES NOW the Plaintiffs, Spinners Performing Arts, LLC, d/b/a "The Spinners" and

Henry L. Fambrough and ("Plaintiffs"), versus the Defendant Frank Washington, individually,

his agents and John Does 1-10, acting in concert with him, Andrea Jackson, Individually, AMJ

Entertainment Group, AMJ Management and AMK Entertainment Events , complain and allege,

as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this matter and the party Defendants known,  those

acting in concert with them and those unknown.

2. Venue in this Court, County and State is proper, because, Defendant, Frank

Washington, is a resident of the State of Pennsylvania and a substantial part of the events and

omissions giving rise to the claims herein occurred in this State and the Defendant is subject to

personal jurisdiction at the time this action is commenced.

3. The within action is, in part, brought under, *inter alia*, the Lanham Act, 15 U.S.C. §§

1051, *et seq.*, as the conduct complained of herein is active and ongoing in interstate commerce.

FEB -8 2019

4. Plaintiffs further allege violation of Pennsylvania common law and statutory rights under the Pennsylvania Trademark Act, 54 Pa. Cons. Stat. §§ Ann.1101 to 1126 and the Pennsylvania Unfair Trade Practices and Consumer Protection Law 73P.S. §§ 201-1 to 201-9.3.

## PLAINTIFFS

5. Henry Fambrough, ("Plaintiff") is a citizen of the State of Michigan and Owner of Spinners Performing Arts, LLC, d/b/a "The Spinners" a registered trademark and service mark with the U.S. Patent & Trademark Office, U.S. Service Mark Registration No. 1,061,389. Said trademark has been continuously renewed since March 15, 1977 and is valid through March 15, 2026. See Exhibit "A", attached.

6. Spinners Performing Arts, LLC ("Plaintiff" herein, a/k/a SPA) is a limited liability company, organized and existing, pursuant to the laws of the State of Michigan, with its principal office and registered address located in the City of Troy, Oakland County, Michigan.

## DEFENDANTS

### Frank Washington

7. Defendant Frank Washington is a citizen and resident of the State of Pennsylvania and resides in the City of Philadelphia, Philadelphia County.

8. Defendant, Frank Washington (hereinafter "Washington"), whom it is believed is affiliated and/or associated with Defendants John Does 1 through 10 , Andrea Jackson and businesses controlled by Andrea Jackson, to wit: AMJ Entertainment, AMJ Management Group and AMJ Entertainment Events.

9. Washington is an individual whom Plaintiffs are informed and believe, and based on such information and belief and facts set forth herein this complaint, has performed, is performing, and/or will continue to publicly perform as a lead and/or principle member of a fraudulent group, styling themselves as "Frank Washington Legendary Lead Singer of The Spinners," and/or as "The Spinners Reunion Show, "The Spinners Revue, featuring Frank Washington and from time to time and other variations of the same, but always presenting and

promoting himself as a member of and/or affiliation and authorized to use names which incorporate the name and mark "The Spinners" .

10. Defendant Washington has profited from, and unless enjoined, will continue to profit from, the unauthorized use of Plaintiffs' trade name and service mark, "The Spinners," in violation, infringement and misappropriation of Plaintiffs' right to exclusive use of the name and mark, "The Spinners".

11. Defendant Washington has profited from the unauthorized use of Plaintiffs' trade name and service mark, "The Spinners," in violation, infringement and misappropriation of Plaintiffs' right to exclusive use of the name and mark, "The Spinners" and because of said conduct has caused Plaintiffs significant damage.

**Andrea Jackson**

12. Defendant Andrea Jackson (herein referred to as "Jackson" and "AMJ") is a resident of the City of Philadelphia, Pennsylvania and owns and conduct business under several pseudonym names AMJ Entertainment, AMJ Management Group, AMJ Entertainment Events.

13. *AMJ* is the initials of Andrea M. Jackson.

14. Jackson and/or AMJ,  is an individual whom Plaintiffs are informed and believe, and based on such information and belief, Plaintiffs allege, promoted Washington and Defendants John Doe 1 through 10 to  perform, is performing, and/or will continue to publicly perform as a lead and/or  principle  member of a fraudulent group, styling themselves as "Frank Washington Legendary Lead Singer of The Spinners," and/or as "The Spinners Reunion Show, "The Spinners Revue, featuring Frank Washington and from time to time  and variations of the same, but always presenting and promoting  the group as a member of and/or affiliation and authorized to use names which incorporate the name and mark "The Spinners" .

15. Defendant Jackson and AMJ  have profited from, and unless enjoined, will continue to profit from, the unauthorized use of Plaintiffs' trade name and service mark, "The Spinners," in violation, infringement and misappropriation of Plaintiffs' right to exclusive use of the name and mark, "The Spinners".

**AMJ Entertainment, AMJ Management Group, AMJ Entertainment Events**

16. Defendant Andrea Jackson, through her business activities, owns AMJ Entertainment, AMJ Management Group, AMJ Entertainment Events (collectively referred to herein as "AMJ"). AMJ represents the initials of Andrea M. Jackson.

17. Jackson and/or AMJ, is an individual whom Plaintiffs are informed and believe, and based on such information and belief, Plaintiffs alleges, promotes Washington and Defendants John Doe 1 through 10 to perform, is performing, and/or will continue to publicly perform as a lead and/or principle member of a fraudulent group, styling themselves as "Frank Washington Legendary Lead Singer of The Spinners," and/or as "The Spinners Reunion Show, "The Spinners Revue, featuring Frank Washington and from time to time other variations of the same, but always presenting and promoting a rouge group comprised of Frank Washington and others as a member of and/or affiliation and authorized to use names which incorporate the name and mark "The Spinners" .

18. Defendants, AMJ Entertainment, AMJ Management Group, AMJ Entertainment Events, all controlled and operated by Jackson, have profited from, and unless enjoined, will continue to profit from, the unauthorized use of Plaintiffs' trade name and service mark, "The Spinners," in violation, trademark, by infringement and misappropriation of Plaintiffs' right to exclusive use of the name and mark, "The Spinners".

**John Does 1 through 10**

19. Plaintiffs are informed and believe, and based on such information and belief allege, that the Defendants herein named, including, without limitation, one or more of the Defendants fictitiously named herein as JOHN DOES 1 through 10, and each of them, "did in fact" and continue, including Defendants Washington, Jackson and her several businesses, under the AMJ pseudonym , promote and attempt to promote, advertise, and license the performance of groups, calling themselves as " Frank Washington Lead Singer of The Spinners," Legendary Lead Singer of The Spinners , " The Motown Spinners", The Spinners Revue and variations thereof and similar names, at locations, throughout United States.

20. Plaintiffs are informed and believe, and based on such information and belief

alleges, that none of the Defendants named herein, nor any of them, including, without limitation, any of the fictitiously-named Defendants, JOHN DOES 1 through 10, inclusive, hold any legal right, either jointly or severally, to use the name or trade upon the goodwill associated with the name and mark "The Spinners," or any misleadingly similar incarnation or variant of that name.

21. Plaintiffs are informed and believe, and based on such information and belief alleges, that one or more of the Defendants herein named, and each of them, including, without limitation, one or more of the fictitiously-named Defendants, JOHN DOES 1 through 10, inclusive, and each of them, did advertise, promote, and/or exhibit the performance of a group or groups  are wrongfully claiming to be and referring to themselves as " Frank Washington Legendary Lead Singer of The Spinners," "The Spinners Reunion Show," "The Spinners Revue" and/or similar names for the very purpose of trading on the goodwill of the name of "The Spinners" which Plaintiffs have fostered and worked hard to protect.

22. The active conduct of all of these Defendants through  advertisement, promotion, and/or licensing of the performance of these fraudulent groups, wrongfully and misleadingly calling, referring, associating, and/or affiliating themselves as The Spinners, or any similar incarnation of that trade name, such as " Frank Washington Legendary Lead Singer of The Spinners, "Spinners Revue, "The Spinners Reunion Show," "The Spinners Celebration," *etc.,* did and will confuse, mislead, and/or deceive the concert venues and the consuming public into thinking that such counterfeit group is in some manner associated or affiliated with, or in some manner sponsored or endorsed by, "The Spinners" and Plaintiffs.

23. The dissemination of false advertisements by any means for the purpose of inducing, or which is likely to induce, directly or indirectly, the purchase by consumers of tickets to live performances by groups styling themselves as " Frank Washington Legendary Lead Singer of  The Spinners," "The Spinners Reunion Show, "The Motown Spinners" "The Spinners Revue" and/or similar names, is unlawful pursuant to, *inter alia,* the Lanham Act, 15 U.S.C. §§ 1051, 52, *et seq.,* as unfair methods of competition in or affecting commerce, and as unfair or deceptive acts or practices in or affecting commerce.

24. Plaintiffs are informed and believe, and based on such information and belief alleges, that prior to the acts complained of herein, the Defendants herein named, and each of

them, including, without limitation, fictitiously-named Defendants JOHN DOES 1 through 10, and each of them, had actual knowledge or constructive notice that Plaintiffs holds sole and exclusive rights, title, and interest in and to the name "The Spinners" for any and all public performances, and that any promotion or attempted licensing of any performance of " Frank Washington Legendary Lead Singers of The Spinners," The Spinners Revue, "The Spinners Reunion Show," and/or similar derivative names, would be an infringement and misappropriation of Plaintiffs' exclusive rights and interest in maintaining the integrity and goodwill of the mark.

**Common Conduct of All Defendants**

25. Plaintiffs are informed and believe, and based upon such information and belief alleges, that the Defendants herein named, including fictitiously named Defendants DOES 1 through 10, and each of them, conducted this wrongful use and exploitation of the name and mark "The The Spinners," and will continue to do the same, knowing that "The Spinners" is a registered trade name and service mark controlled exclusively by Plaintiffs with respect to any and all public performances, as hereinafter set forth, knowing that none of the Defendants has any legal right to use and exploit the name for personal commercial gain, knowing that Plaintiffs hold the sole exclusive rights to performances under the name, and knowing that Plaintiffs has not given them or any of the Defendants any right or authority to use the name in any manner.

26. Plaintiffs are informed and believe and based on such information and belief allege that as to named Defendants and certain unnamed and unknown Defendants, Plaintiffs have no adequate remedy at law.

27. The conduct of Defendants and of each of them, including, without limitation, fictitiously-named Defendants JOHN DOES 1 through 10, and each of them, as described above, have caused and, if not enjoined, will continue to cause irreparable damage to Plaintiffs' right and title to the name, reputation, and goodwill of "The Spinners."

28. Plaintiffs are informed and believe, and based on such information and belief allege, that, Plaintiffs' remedy versus the Defendants for past conduct of staging fraudulent performances of a knockoff group promoting same as "The Spinners", is damages and future

injunctive relief, including money damages at law.

## PLAINTIFFS HOLD SOLE AND EXCLUSIVE RIGHTS TO PERFORM
## UNDER THE TRADEMARK, SERVICE MARK AND TRADE NAME
## "THE SPINNERS"

29. The Plaintiffs re-affirm by specific reference herein, as if stated word for word, all paragraphs, numbers 1 through 28 of this Complaint as if fully re-written herein, against the Defendants, Washington, Jackson, AMJ and John Does 1 through 10, inclusive.

30. "The Spinners" is, and has been, a renowned singing and performing vocal group since its hugely popular beginning in 1960.

31. The group, "The Spinners" has recorded, produced, performed, and is eminently identified with numerous hit songs such as *"Could It Be I'm Falling in Love"; "That's What Girls are Made For", "The Games People Play", "Mighty Love", It's a Shame" Cupid","Sadie" and "Rubber Band Man"*.

32. The Spinners formed their vocal singing group, while in high school, Ferndale Michigan. In the early sixty's, they signed a recording agreement with Motown Records, Detroit, Michigan. The group stayed with Motown Records until their departure and signing in 1971 with Atlantic Records, New York. They are and have been globally known as "THE SPINNERS".

33. There is no American group authorized and permitted to perform using the Name "The Spinners".

34. "The Spinners" have performed their hits world-wide making them popular favorites and recognizable to countless fans throughout the world. The group "The Spinners" is responsible for millions of records sold both nationally and internationally.

35. Plaintiff' Fambrough, the original member of the group "The Spinners" since its inception, has spent over sixty years of his life building, husbanding, and protecting the name, "The Spinners".

36. From the inception of the group "The Spinners," the Plaintiffs have continued to record, perform and entertain world-wide as "The Spinners."

37. At all times, since the beginning of "The Spinners," Plaintiffs have been careful to

protect the goodwill associated with the name and image of "The Spinners."

38. "The Spinners" is a registered trademark and service mark registered in the Principal Register of the United States Patent Office, on Application, June 23, 1975, Registered March 15, 1977., US Serial Number: 73055949; U.S. Registration Number: 1,061,389.

39. The name and trademark has since its inception been owned, without interruption, by the original members, all of whom are now deceased, except Henry L. Fambrough.

40. The Spinners have performed without interruption as "The Spinners", since the early 1960's and have never stopped performing as such. There is no such entity or acronym as Spinners Revue, Motown, Detroit, Legendary Singer, or otherwise permitted or authorized use of their name.

41. Plaintiffs proffer and urge  this Court take  judicial notice of that certain action entitled , *Spinners Performing Arts, Inc. versus William Henderson, et al et al., American Arbitration Association, Case Number 13 140 01044 04, Exhibit " B "* attached, the judgment entered therein confirming Plaintiffs' rights in and to the name "The Spinners," and permanently enjoining the defendants therein from performing under the name, "The Spinners" and any variation thereof" and from engaging in other acts in competition with the true owner of such name and Mark.

42. Plaintiffs proffer and urge  this Court take  judicial notice of that certain action entitled, *Fambrough, Spinners Performing Arts, Inc. v. G.C. Cameron, et al , United States District Court, for the Southern District of Mississippi, No. 5:13cv46-DCB-MTP, Exhibit "C",* attached,  the judgment entered therein, confirming Plaintiffs' rights in and to the name "The Spinners," and permanently enjoining the defendants therein from performing under the name, "The Spinners" and any variation thereof" and from engaging in other acts in competition with the true owner of such name and Mark.

45. Plaintiffs are informed and believe, and thereon allege, that Frank Washington and the individual Defendants who are currently performing under the names "Legendary Lead Singer of The Spinners" and/or The Spinners Revue Show "The Spinners Reunion Show," "Motown Spinners", including, without limitation, one or more of the fictitiously-named Defendants sued herein, fall within the scope of  a permanent injunction entered by other Courts and that they have actual or constructive notice of such injunction, and that their conduct as

herein alleged, in addition to being actionable herein, constitutes a violation of those actions.

46. This assertion is particularly true of Defendant Frank Washington, who has been a rouge Defendant of the same conduct, promoting a fraudulent knockoff group , repeatedly in the past around the country and continues to do so at the very filing of this complaint.

## DEFENDANTS' ACTS OF TRADEMARK INFRINGEMENT, MISAPPROPRIATION, UNFAIR COMPETITION AND FRAUD

47. The Plaintiffs re-affirm by specific reference herein, as if stated word for word, all paragraphs, numbers 1 through 46 of this Complaint as if fully re-written herein, against the Defendants, Washington, Jackson, AMJ and John Does 1 through 10, inclusive.

48. The Defendant Frank Washington has never been a member owner of The Spinners".

49. The Defendant Frank Washington's voice has never been recorded on any song performed by The Spinners.

50. Defendant Frank Washington has never recorded with The Spinners on any record or album released by any record company under the name, "The Spinners".

51. The Defendant Washington was only and for a brief time, after the death of a member of the group, hired as a singer to perform with the Spinners from approximately 2003 to around 2006.

52. The Defendant Washington was hired to fill in a spot after the death of an original member of The Spinners and at no time ever, was he a lead singer for The Spinners.

53. Defendant Washington was terminated as an "employee singer" on or about 2006 for The Spinners.

54. Defendant Washington, before and after termination, was told and knew he had no right or authority to organize and create a fraudulent group using the name, performances and trademark of The Spinners.

55. The Spinners do not, nor have they ever designated and/or promoted the Group as having a Lead Singer, for the reason, all singers in the group sign vocal parts of very song and harmony.

56. Plaintiffs are informed and believe, and based on such information and belief, allege that Defendant Washington and others with him, sued herein, including, without limitation, those

fictitiously named, began using, attempting to use, or to license others to use, and "The Spinners" name in connection with live musical performances, misleading the public he and they are "The Spinners".

57. Plaintiffs are informed and believe, and based on such information and belief, allege that Defendant Washington, Andrea Jackson, AMJ Entertainment, AMJ Management Group, AMJ Entertainment Events sued herein, including, without limitation, those fictitiously named, acting in concert, each with the others, began booking public performances using the name "Frank Washington Legendary Lead Singers of The Spinners" , Spinners Revue Show and/or "The Spinners Reunion Show," or similar derivative names, all of which intentionally and prominently portray to the public, they are paying to see and hear the real group "The Spinners".

58. The Defendant Washington, Jackson and John Does 1 through 10 have repeatedly engaged in this offensive conduct to the detriment and damage of The Spinners.

59. Defendant Washington, after admitting he was violating The Spinners Trademark continues to repeat the same conduct, flaunting his indifference to the rights of The Spinners.

60. Defendants and all of them booked a concert venue and performance, October 13, 2018 at the Harris-Stowe State University in St. Louis, MO, boldly representing Washington and his group was the real group, The Spinners".

61. Examples of such unlawful usage is hereto appended as Exhibit "D", to this instant complaint, and incorporated herein by this reference.

62. As a result of this unlawful conduct, Plaintiffs were caused to expend substantial legal fees and costs to stop this performance in St. Louis, appropriating the use, the name and the Mark of "The Spinners".

63. Notwithstanding the Defendant's admission to trademark violation and his agreement to cease and desist, agreed to in Exhibit "E", attached, Plaintiffs discovered just recently, a continuing use of The Spinners name, use likeness and reputation, by Washington and the Defendants, this time in the City of North Las Vegas. Exhibit "F", attached hereto and incorporated herein by reference.

64. This new booking, and the associated advertising, particularly with respect to website advertising, is false and misleading and intentionally promotes the belief this upcoming performance is a Spinners Performance, when in fact it is not!

65. The advertising, websites, marketing, marquees, and other visual presentations in relation to such performances are misleadingly presented in such a manner as to improperly emphasize the name "The Spinners,"

66. The actual usage in advertising, particularly with respect to website advertising, is false and misleading.

67. Presentation of performances through such misleading and deceptive advertising is unlawful, and a fraud on the public, willfully misleading consumers to reasonably believe that they are purchasing tickets to see "The Spinners," when in truth and in fact, they are purchasing tickets to see an unauthorized and unlawful counterfeit group that has absolutely no relationship to "The Spinners".

68. Moreover, the presentation of performances by such counterfeit groups constitutes unfair competition in respect to Plaintiffs and Plaintiffs' exclusive rights in and to all public performances under the name "The Spinners," in that, such counterfeit groups can and do book and perform in venues which might, otherwise, hire Plaintiffs to perform.

69. Plaintiffs are informed and believe that those Defendants who perform within such counterfeit groups, and those Defendants which own, manage or control those counterfeit groups, regularly provide the services of those groups for rates and fees considerably lower than the standard rates and fees charged by Plaintiffs for performances by "The Spinners," providing an economic incentive to venues, to participate in Defendants' deceptive enterprise and pattern of unlawful activities.

70. Moreover, the terms under which these counterfeit groups are engaged is especially disruptive and damaging to Plaintiffs and to Plaintiffs' professional reputation and stature, in that these counterfeit groups regularly accept "billing" in third or lower position in advertising and on marquees, on which only the name "The Spinners" appears in larger, bold letters. Such billing degrades the name "The Spinners," and dilutes the value thereof.

71. Plaintiffs, performing as "The Spinners" are regularly billed as the headline act in venues where Plaintiffs perform, but Defendants' conduct and pattern of unlawful activity does and did interfere with Plaintiffs ability to command such "star" billing, and fees commensurate with such billing.

72. Plaintiffs are further informed and believe, and based on such information and belief,

allege that Defendants performed, or have purported to license others to perform, under the name "Legendary and/or Lead Singer of The Spinners", "Spinners Revue", or other, confusingly similar names which are derivative of, or otherwise misleadingly include, the name and mark "Spinners,".

73. Plaintiffs are further informed and believe, and based on such information and belief, allege that Defendants have performed, or have purported to license others to perform, and continue to perform, under the name "Legendary Lead Singers of The Spinners" and/or "The Spinners Reunion Show", "Spinners Revue" or other, similar names which include or are derived from the name and mark, "The Spinners," employed in such manner as is likely to confuse or deceive consumers, in various locations throughout the Unites States, and elsewhere.

74. The advertisement, promotion, performance, and/or exhibition of any group calling itself "The Spinners" or any name which prominently includes the name "The Spinners," will and has confused, misled, and/or deceived the general public into thinking that such group is "The Spinners," or is associated or affiliated in some manner with "The Spinners" name owned by Plaintiffs, or is in some manner sponsored or endorsed by Plaintiffs and/or by "The Spinners."

75. Plaintiffs are informed and believe, and based on such information and belief, allege that the advertising, promotion, performance, and/or licensing of the name "The Spinners" or any similar incarnation of the name, by Defendants, is for the very purpose of trading on the goodwill associated with the name of "The Spinners" which Plaintiffs have fostered and worked hard to protect.

76. Plaintiffs are informed and believe, and based on such information and belief, allege that Defendants are continuing to attempt to exploit the name "The Spinners" and/or derivatives thereof in an attempt to confuse, mislead, and deceive the public for personal commercial gain.

77. Plaintiffs are informed and believe, and based on such information and belief, allege that Defendants have wrongfully used and exploited the name "The Spinners," and continue to do the same, knowing that the rights to perform "The Spinners" are owned exclusively by Plaintiffs, knowing that Defendants have no legal right to use, license or exploit the name for personal commercial gain, or otherwise, and knowing that Plaintiffs hold the sole exclusive performance rights or authority to use the name in connection with live performances.

78. Plaintiffs are informed and believe that some of the Defendants herein named,

TXT

including some or all of those referenced, have a regular, ongoing enterprise and pattern of activity which involves the formation, management, false advertising by means of the internet and otherwise, and public performances by such counterfeit groups, and that the groups styling themselves "Legendary Lead Singers of The Spinners," and "The Spinners Reunion Show," "Spinners Revue" and similar names derivative of Plaintiffs name and mark, are but two examples of Defendants' unlawful activities.

79. Plaintiffs have no adequate, immediate remedy at law other than by the within action. The conduct of Defendants described above, has caused and, if not enjoined, will continue to cause, irreparable damage to Plaintiffs' rights and title to the name, the reputation, and goodwill of the name "The Spinners."

80. The advertising, websites, marketing, marquees, and other visual presentations, used by the Defendants, collectively, in relation to such performance was fraudulent and misleadingly presented in such a manner as to improperly emphasize the name "The Spinners," thusly,

## FIRST CLAIM FOR RELIEF
### (False Designation of Origin and False Description)
### [15 U.S.C. section 1125(a)]

72. The Plaintiffs re-affirm by specific reference herein, as if stated word for word, all paragraphs, numbers 1 through 71 of this Complaint as if fully re-written herein , against the Defendants, Washington, Jackson , AMJ and John Does 1 through 10, inclusive.

73. Plaintiffs are informed and believe, and based on such information and belief alleges, that at all times relevant hereto, Plaintiffs owned all right, title, and interest in and to the trade name and service mark "The Spinners" for the purpose and in the manner alleged above.

74. Plaintiff's trade name and service mark "The Spinners," as set forth above, has been used throughout the United States and the World and is extremely well known to members of the purchasing public.

75. The public generally associates and identifies the trade name and service mark of "The The Spinners" with Plaintiffs, who are the originators of the group bearing that name and

who have continually performed under that name since the early 1960s.

76. Defendants' conduct in the licensing, advertisement and/or promotion of performances under the name "The Spinners" or any similar variance of or expansion upon that name, constitutes false designation of origin or sponsorship of said performance, intends to falsely represent that said performance has been sponsored, approved or licensed by Plaintiffs or is in some way associated or affiliated with Plaintiffs.

78. Such conduct of Defendants is likely to confuse, mislead, and deceive Defendants' customers, purchasers and/or promote or cause said persons to believe that these performances have been sponsored, approved, authorized or licensed by Plaintiffs, or are in some way associated or affiliated with Plaintiffs, in violation of 15 U.S.C. section 1125(a).

79. Plaintiffs have been damaged by, and Defendants have profited from their wrongful conduct in an amount to be proven at trial. This is an extraordinary case and such damages should be trebled.

80. Plaintiffs have no adequate remedy at law. The conduct of Defendants as described above, has caused and, if not enjoined, will continue to cause irreparable damage to Plaintiffs' right and title to the name, reputation, and goodwill of "The Spinners."

### SECOND CLAIM FOR RELIEF
### (Trade Dress Infringement)
### [15 U.S.C. Section 1125(a)]

81. The Plaintiffs re-affirm by specific reference herein, as if stated word for word, all paragraphs, numbers 1 through 80 of this Complaint as if fully re-written herein , against the Defendants, Washington, Jackson , AMJ and John Does 1 through 10, inclusive.

82. Plaintiffs alleges that the above-named Defendants, by their acts, have competed unfairly with Plaintiffs and have misappropriated and traded upon the goodwill and business reputation of the mark "The Spinners."

83. Plaintiffs alleges that said use of the trade dress mentioned above by Defendants constitutes a false description and misrepresentation that the musical performances are made by, sponsored by, or affiliated with Plaintiffs. The acts constitute a violation of 15 U.S.C., section 1125(a) in that Defendants have used Plaintiffs' trade name and service mark "The Spinners"

in connection with the acts set forth above.

84. Defendants have unfairly competed with Plaintiffs in violation of 15 U.S.C. Section 1125(a).

85. Plaintiffs has been and is likely to be damaged by such false descriptions or representations by reason of the likelihood that the purchasers will be confused as to the true source, sponsorship or affiliation of the performances promoted, licensed and/or advertised by Defendants.

86. Plaintiffs has been damaged by, and Defendants have profited from their wrongful conduct in an amount to be proven at trial.

87. Plaintiffs have no adequate remedy at law. Defendants' acts have caused and, if not enjoined, will continue to cause irreparable damage to Plaintiffs.

**THIRD CLAIM FOR RELIEF**
**(Federal Trademark Dilution)**
**[15 U.S.C. Section 1125(c)]**

89. The Plaintiffs re-affirm by specific reference herein, as if stated word for word, all paragraphs, numbers 1 through 87 of this Complaint as if fully re-written herein , against the Defendants, Washington, Jackson , AMJ and John Does 1 through 10, inclusive.

90. Plaintiffs' trade name "The Spinners" as set forth in the preceding paragraphs hereof, is distinctive and famous, has been used throughout the United States and the World and is extremely well known to the trade and members of the purchasing public. The public generally associates and identifies Plaintiffs' trade name "The Spinners" with Plaintiffs and the group they created in the early 1960s.

91. Defendants' conduct in the licensing, advertising and/or promoting, of performances of groups performing and/or exhibiting acts which have the same, or misleadingly similar, name as "The Spinners" constitutes dilution of Plaintiffs' trade name "The The Spinners" in that such conduct dilutes the distinctive quality of said name by diminishing Plaintiff's ability to identify and distinguish its goodwill and performances, in violation of 15 U.S.C. Section 1125(c).

92. Plaintiffs has been damaged by and Defendants have profited from, their wrongful

conduct in an amount to be proven at trial.

93.  Upon information and belief, Defendants actions were done willfully and with an intent to exploit Plaintiffs reputation and goodwill, and to dilute the trade name "The The Spinners," wherefore damages awarded to Plaintiffs should be trebled.

94.  Plaintiffs have no adequate remedy at law. The conduct of Defendants described above has caused and, if not enjoined, will continue to cause irreparable damage to the rights of Plaintiffs and the trade name "The Spinners," and to Plaintiffs' business reputation and goodwill.

## FOURTH CLAIM FOR RELIEF
### (For Declaratory Relief to Quiet Plaintiffs' Title and Exclusive Right to Use the Name "The Spinners" for Public Performances) [15 U.S.C. 1125]

95. The Plaintiffs re-affirm by specific reference herein, as if stated word for word, all paragraphs, numbers 1 through 94 of this Complaint as if fully re-written herein , against the Defendants,  Washington, Jackson , AMJ and John Does 1 through 10, inclusive.

96.  Pursuant to the provisions of 15 U.S.C. § 1125, Plaintiffs are entitled to declaratory relief by a judicial order and decree, affirming that Plaintiffs are the sole owner of all rights, title and interest with regard to live performances under the trade name "The Spinners," and specifically quieting Plaintiff's title in and to all live public performance uses of the name "The The Spinners," including any and all names which prominently incorporate the name "The Spinners" in such manner as would cause a reasonable consumer to conclude or assume that a group performing under such name was licensed by, or authorized by, or otherwise affiliated with Plaintiffs or "The Spinners."

## FIFTH CLAIM FOR RELIEF
### (For Preliminary and Permanent Injunction) [15 U.S.C. 1116; FRCP65]

97. The Plaintiffs re-affirm by specific reference herein, as if stated word for word, all paragraphs, numbers 1 through  96 of this Complaint as if fully re-written herein , against the

Defendants, Washington, Jackson , AMJ and John Does 1 through 10, inclusive.

98.  Plaintiffs have suffered, and will likely continue to suffer, inestimable and irreparable
damage by reason of Defendants conduct as herein alleged.

99.  Plaintiffs have no speedy remedy at law to curtail Defendants' ongoing,
unauthorized use of Plaintiff's trade dress, trade name and service mark, "The Spinners."

100.  Plaintiffs are entitled to and seeks hereby, a preliminary and permanent injunction
as against the Defendants herein, and each of them, and their respective representatives,
successors, affiliates, agents, officers, principals, employees, trustees, heirs and assigns, and each
of them, commanding them, at their peril, to immediately cease and desist, and at all future times
refrain, from public use for any performance, or for advertising, or in any commercial manner
whatsoever, the name "The Spinners," or any name which includes the word "Spinners" or
"The Spinners," or the phrase "The Spinners," unless by the express written authorization of
Plaintiffs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs demand that:

Defendants, their agents, servants, employees, representatives, licenses, successors, and
assigns, and all person, firms, or corporations in active concert or participation with any of them,
be immediately, preliminarily, and permanently enjoined from:

a. Directly or indirectly infringing upon the goodwill associated with Plaintiffs' service
Mark;

b. Directly or indirectly infringing the trade name "The Spinners" ,or using Plaintiffs'
trade name in any manner, including generally but not limited to, advertising, promoting and/or
licensing the performance of any group or individual that infringes said trade name or Plaintiffs'
name, or a derivative thereof;

c. Engaging in any conduct that tends falsely to represent that, or is likely to confuse,
mislead, or deceive purchasers, Defendants' customers, and/or members of the public to believe
that the actions of Defendants, including the advertisement, promotion, performance, and/or
licensing of any performance or performers under the name "The Spinners, or any similar
incarnation of the name, are sponsored, approved or licensed by Plaintiffs, or are in some way

associated, affiliated or connected with Plaintiffs and/or "The Spinners";

d. From Affixing, applying, annexing or using in connection with the advertisement, promotion, performance, and/or licensing of any performance or performers under the name "The Spinners,", photos, statement, or any similar incarnation of the name, or including a false description of representation, including words or other symbols, tending falsely to describe or represent such good or services as being those of Plaintiffs;

e. Otherwise competing unfairly with Plaintiffs in any manner;

f. Diluting and infringing the trade name "The Spinners" and/or damaging Plaintiffs' goodwill, reputation, and business;

FURTHER, Plaintiffs demand that:

Defendants be ordered to destroy and otherwise dispose of:

a. Any unauthorized licensing, promotional and advertising material, agreements, labels, announcements, signs, and any other unauthorized items which reproduce, copy, imitate, or bear the trade name "The Spinners";

b. Any sales and supplier or customer journals, ledgers, invoices, purchase orders, inventory control documents, bank records, catalogues, or recordings of any type whatsoever and all other business records and documents believed to concern the unauthorized and infringing use of advertisement, promotion, performance, and/or licensing of "The Spinners" or any similar incarnation of the name, and the proceeds which resulted therefrom; and

c. remove and cease the use of any and all electronic means, postings, including commercial and social media postings and use of the name, The Spinners, in any form fashion and variation thereof;

FURTHER , Plaintiffs pray an order be issued:

Defendants' Defendants be required to pay actual damages, increased to the maximum extent provided by law.

Defendants be required to account for and pay over to Plaintiffs all damages sustained by Plaintiffs and profits realized by Defendants by reason of their unlawful acts herein alleged and that those profits be increased as provided by law and those profits or damages be trebled.

Defendants pay punitive damages to Plaintiffs for Defendants' oppression, fraud and

malice in connection with their violation of Plaintiffs' rights under applicable law, particularly the Magnolia Defendants, who, notwithstanding notice and demand to cease, proceeded with putting on the concert with a group known to be fraudulent.

Defendants be deemed to be holding, as constructive trustees for the benefit of Plaintiffs, any and all personal and/or real properties and assets consisting of and/or obtained by profits derived from Defendants' infringing activities and that Plaintiffs be granted possession of these properties.

Plaintiffs recover interest on all damages awarded at the maximum rate permitted by law.

Plaintiffs recover from Defendants their reasonable legal fees.

Defendants, within thirty (30) days after the service of judgment herein, be required to file with the court and serve upon Plaintiffs' attorneys, a written report under oath setting forth in detail the manner by which it has complied with the judgment.

The Court issue a judicial finding and decree affirming Plaintiffs' exclusive right to use, and to license others to use, the name "The Spinners" for all public performance purposes, quieting Plaintiffs' title therein, and providing a ready means by which Plaintiffs may thereafter speedily prevent or remedy any third party's unauthorized use of that name or any derivative name or confusingly similar name.

That Plaintiffs have all other and further relief as the court may deem just and proper under the circumstances.

Dated this, the 8th day of February, 2019.

Respectfully Submitted,

**LUTHER E. WEAVER**

By: _____

Luther E. Weaver (Bar No. 17827)

Attorney for Plaintiffs

OF COUNSEL:

**LUTHER E. WEAVER**

Paul Mathis, Jr., Esq. (MS. No. 8993; MI Bar No. P-24761)
**PAUL MATHIS, LLP**
716 Tampa Dr. (38701)
P. O. Box 936
Greenville, MS  38702-0936
Telephone:  (662) 332-6660
Facsimile:  (662) 332-6668
Email:  paulmathis@bellsouth.net

TXT

## <u>VERIFICATION</u>

**SPINNERS PERFORMING ARTS, LLC, D/B/A "THE SPINNERS"**

By: *Henry Fambrough*

√HENRY L. FAMBROUGH, Owner /Managing Member

**HENRY L. FAMBROUGH**

*Henry Fambrough*

√HENRY L. FAMBROUGH, Individually

STATE OF MICHIGAN
COUNTY OF OAKLAND

      PERSONALLY APPEARED BEFORE ME, the undersigned authority in and for said County and State, HENRY L. FAMBROUGH who acknowledged that he is the OWNER AND MANAGING MEMBER OF **SPINNERS PERFORMING ARTS, LLC** and that for and on behalf of **SPINNERS PERFORMING ARTS, LLC, he** has read the contents of this Verified Complaint and attests the factual averments are accurate and as to those matters stated hereon on information and belief, he verily believes them to be accurate as well. Accordingly, this Complaint is signed, sealed and delivered, on the day and year herein stated, he having been first duly authorized so to do.

      Given Under My Hand and Official Seal this, the 23 nd day of January, 2019.

*Curtina L. Shockley*

NOTARY PUBLIC

My Commission Expires: 09/25/2020

> CURTINA L SHOCKLEY
> Notary Public - Michigan
> Oakland County
> My Commission Expires Sep 25, 2020
> Acting in the County of _Wayne_

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

SPINNERS PERFORMING ARTS, LLC, D/B/A "THE SPINNERS"
AND HENRY L. FAMBROUGH

                                                          PLAINTIFFS

VS                                    CIVIL ACTION NO_____


FRANK WASHINGTON, INDIVIDUALLY, HIS AGENTS
AND JOHN DOES 1-10, ACTING IN CONCERT WITH HIM;
ANDREA JACKSON, INDIVIDUALLY; AMJ ENTERTAINMENT GROUP,
AMJ MANAGEMENT, and AMJ ENTERTAINMENT EVENTS

                                                          DEFENDANTS


_____/



EXHIBIT A

TO

VERIFIED COMPLAINT

Int. Cl.: 41

Prir U.S. Cl.: 107

## United States Patent Office

Reg. No. 1,061,389
Registered Mar. 15, 1977

## SERVICE MARK
### Principal Register

# THE SPINNERS

The Spinners (partnership)
2688 W. Grand Blvd.
Detroit, Mich.   48208

For: ENTERTAINMENT SERVICES—NAMELY,
PERFORMANCES BY A VOCAL GROUP—in CLASS
41 (U.S. CL. 107).
First use on or about Dec. 31, 1961; in commerce on
or about Dec. 31, 1961.

Ser. No. 55,949, filed June 23, 1975.

R. F. CISSEL, Examiner

Int. Cl.: 41

Prir U.S. Cl.: 107

Reg. No. 1,061,389

## United States Patent Office

Registered Mar. 15, 1977

## SERVICE MARK
### Principal Register

# THE SPINNERS

The Spinners (partnership)
2688 W. Grand Blvd.
Detroit, Mich.  48208

For: ENTERTAINMENT SERVICES—NAMELY, PERFORMANCES BY A VOCAL GROUP—in CLASS 41 (U.S. CL. 107).

First use on or about Dec. 31, 1961; in commerce on or about Dec. 31, 1961.

Ser. No. 55,949, filed June 23, 1975.

R. F. CISSEL, Examiner

Int. Cl.: 41

Prior U.S. Cl.: 107

Reg. No. 1,061,389

**United States Patent and Trademark Office**

Registered Mar. 15, 1977

10 Year Renewal

Renewal Term Begins Mar. 15, 1997

## SERVICE MARK
## PRINCIPAL REGISTER

## THE SPINNERS

SPINNERS, THE (PARTNERSHIP)
12936 TEWKSBURY LANE
TROY, MI 48098

FOR: ENTERTAINMENT SERVICES—
NAMELY, PERFORMANCES BY A

VOCAL GROUP, IN CLASS 41 (U.S. CL.
107).

FIRST USE 12–31–1961; IN COMMERCE
12–31–1961.

SER. NO. 73-055,949, FILED 6-23-1975.

*In testimony whereof I have hereunto set my hand
and caused the seal of The Patent and Trademark
Office to be affixed on June 3, 1997.*

COMMISSIONER OF PATENTS AND TRADEMARKS

| From: | TMOfficialNotices@USPTO.GOV |
|---|---|
| Sent: | Monday, October 31, 2016 11:00 PM |
| To: | docket@patlaw.com |
| Subject: | Official USPTO Notice of Acceptance and Renewal Sections 8 and 9: U.S. Trademark RN 1061389: THE SPINNERS: Docket/Reference No. SPT-30119/02 |

**Serial Number:** 73055949
**Registration Number:** 1061389
**Registration Date:** Mar 15, 1977
**Mark:** THE SPINNERS
**Owner:** SPINNERS PERFORMING ARTS, L.L.C.

Oct 31, 2016

## NOTICE OF ACCEPTANCE UNDER SECTION 8

The declaration of use or excusable nonuse filed for the above-identified registration meets the requirements of Section 8 of the Trademark Act, 15 U.S.C. §1058. **The Section 8 declaration is accepted.**

## NOTICE OF REGISTRATION RENEWAL UNDER SECTION 9

The renewal application filed for the above-identified registration meets the requirements of Section 9 of the Trademark Act, 15 U.S.C. §1059. **The registration is renewed.**

**The registration will remain in force for the class(es) listed below for the remainder of the ten-year period, calculated from the registration date, unless canceled by an order of the Commissioner for Trademarks or a Federal Court.**

**Class(es):**
041

TRADEMARK SPECIALIST
POST-REGISTRATION DIVISION
571-272-9500

## REQUIREMENTS FOR MAINTAINING REGISTRATION IN SUCCESSIVE TEN-YEAR PERIODS

**WARNING: Your registration will be canceled if you do not file the documents below during the specified time periods.**

**What and When to File:** You must file a declaration of use (or excusable nonuse) **and** an application for renewal between every 9th and 10th-year period, calculated from the registration date. See 15 U.S.C. §§1058, 1059.

**Grace Period Filings**

The above documents will be considered as timely if filed within six months after the deadlines listed above with the payment of an additional fee.

**\*\*\*The USPTO WILL NOT SEND ANY FURTHER NOTICE OR REMINDER OF THESE REQUIREMENTS. THE REGISTRANT SHOULD CONTACT THE USPTO ONE YEAR BEFORE THE EXPIRATION OF THE TIME PERIODS SHOWN ABOVE TO DETERMINE APPROPRIATE REQUIREMENTS AND FEES.\*\*\***

To view this notice and other documents for this application on-line, go to http://tdr.uspto.gov/search.action?sn=73055949. NOTE: This notice will only be available on-line the next business day after receipt of this e-mail.

Messenger   6:23 PM   95%

<    Q   Search



# The Spinners at Bethesda Blues & Jazz Supper Club

JAN
**25**

Public · The Mighty Spinners

            

Interested      Going       Share       More

**15** going including **Heather Leigh**

Friday, Jan 25 at 8 PM – 11 PM
Bethesda, MD Time · 4 days from now · 18–34°F
Partly Cloudy

Bethesda Blues & Jazz Supper Club
7719 Wisconsin Ave, Bethesda, Maryland 20814

                    



Whitepine Entertainment, LLC
Nat Burgess / Jaclyn Burgess
406-396-3079

# The Spinners

Paradise Artist, Inc.
Howie Silverman
805-646-8433

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

SPINNERS PERFORMING ARTS, LLC, D/B/A "THE SPINNERS"
AND HENRY L. FAMBROUGH

                                                    PLAINTIFFS

VS                              CIVIL ACTION NO_____


FRANK WASHINGTON, INDIVIDUALLY, HIS AGENTS
AND JOHN DOES 1-10, ACTING IN CONCERT WITH HIM;
ANDREA JACKSON, INDIVIDUALLY; AMJ ENTERTAINMENT GROUP,
AMJ MANAGEMENT, and AMJ ENTERTAINMENT EVENTS

                                                    DEFENDANTS


_____/



EXHIBIT B

TO

VERIFIED COMPLAINT

IN THE CIRCUIT COURT OF THE
NINTH JUDICIAL CIRCUIT, IN AND
FOR ORANGE COUNTY, FLORIDA

CASE NUMBER: 03-CA-8580
DIVISION: 39
(Honorable Cynthia Z. MacKinnon)

WILLIAM HENDERSON, individually,
and on behalf of SPINNERS PERFORMING
ARTS, INC., a dissolved, for-profit Michigan
Corporation with its principal place of
Business in the State of Florida, and
AVA WYNNE, as the widow and sole
beneficiary of Phillippe Wynne, deceased,

              Plaintiffs,

vs.

LORRAINE W. SMITH, individually,
and SPINNERS PERFORMING ARTS,
INC., a dissolved, for-profit Michigan
Corporation with its principal place
of business in the State of Florida,

              Defendants.

                              /

## ORDER OF FINAL JUDGMENT

This Cause, coming before this Court upon the Complaint filed by the Plaintiff, William Henderson, versus the within named Defendants, and the Court having the 23rd day of April, 2007, signed and entered an Order on joint motion, dismissing the Plaintiff, Ava Wynne's claims versus the Defendants, with prejudice, and the Court now having been presented with the "Findings of Fact, Conclusions of Law and Summary Judgment", rendered on April 23,2007, by the American Arbitration Association, disposing of all remaining issues in this case, as between the parties; and the Court being fully advised in the premises, it is therefore and in accordance with Section 682.12 and 682.15 ("providing for confirmation of an award") Florida Statutes (2005):

**ORDERED AND ADJUDGED**, that

The Findings of Fact, Conclusions of Law and Summary Judgment, issued by the American Arbitration Association, Cause Number 13 140 01044 04, previously filed with this court, is hereby confirmed and adopted, as the Findings of Fact and Conclusions of Law in this case; and

**IT IS FURTHER ORDERED AND ADJUGED**, that

The Order of Judgment and Order of Summary Judgment is hereby adopted as the Order of Judgment and Summary Judgment of this Court, in this case.

**FURTHER,**

Appearing that the Arbitrator had before her the issue of injunctive relief, this Court makes specific reference to the language in the Decision and Order, which makes the following findings:

> "In the Instant arbitration case the Respondent during the pendency of the case, apparently established a vocal group to compete with his former employer, and in doing so, use the name and likeness thereof. This amounted to no less than self help and a direct appropriation of the name and market value of The Spinners. This conduct is within the scope of arbitration."

The Arbitrator held:

> "Injunctive relief is within the scope and authority of arbitration and to not grant it otherwise would undermine the rights of the Claimant to, peaceably and without interference from Respondent, conduct its business.

The Court has been advised of the continuing violation of this prohibition, by those and others who acted in concert with Henderson, during the pendency of these matters, notwithstanding the interim death of Henderson. The Court therefore expressly incorporates verbatim herein the injunctive relief granted by the Arbitrator, to wit:

> "Respondent William Henderson, his estate, his agent, sucessors and assigns shall be and they are hereby permanently enjoined from using the name, likeness and

image of The Spinners or any variation thereof."

**IT IS FURTHER ORDERED AND ADJUDGED,** that

That this Final Order and Judgment, including Permanent Injunction herein, shall extend

to all persons who receive notice and copy hereof and SPA, d/b/a, The Spinners shall

have the right of enforcement under the laws of full, faith and credit.

**Done and Ordered**, in Chambers, Orange County, Florida, this the 29th day of May 2007.

_____
**Honorable Cynthia Z. Mackinnon
Circuit Court Judge**

Conformed Copies to:

William R. Wohlsifer, Esquire
WOHLSIFER & ASSOCIATES, P.A.
Florida Bar No.: 86827
319 Clematis Street, Suite 811
West Palm Beach, FL 33401
Tel: (561) 655-5114
Fax: (561) 655-7078
Attorney for Ava Wynne

Barbara Henderson
138 Sanrobar Drive
Holly Hill, FL 32117

Paul Mathis, Jr., Esquire (MS Bar 8993)
PAUL MATHIS, LLP
P.O. Box 936
365 W. Reed Road, Suite C
Greenville, MS 38702-036
Tel: (662) 332-6660
Fax: (662) 332-6668
Attorney for SPA, Lorraine Smith

K. Judith Lane, Esquire
444 Seabreeze Boulevard
Suite 900
Daytona Beach, FL 32118

Reginald D. Hicks, Esquire
REGINALD D. HICKS, P.A.
219 Lime Avenue
Orlando, FL 32805
Tel: (407) 422-5758
Fax: (407) 425-2380
Attorney for SPA, Lorraine Smith

STATE OF FLORIDA, COUNTY OF ORANGE I HEREBY CERTIFY
that the above and foregoing is a true copy of the original filed in this office
LYDIA GARDNER, Clerk, Circuit Court
MAY 2 8 2007
Dated _____ By _____ D.C.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

SPINNERS PERFORMING ARTS, LLC, D/B/A "THE SPINNERS"
AND HENRY L. FAMBROUGH

                                                    PLAINTIFFS

VS                            CIVIL ACTION NO_____


FRANK WASHINGTON, INDIVIDUALLY, HIS AGENTS
AND JOHN DOES 1-10, ACTING IN CONCERT WITH HIM;
ANDREA JACKSON, INDIVIDUALLY; AMJ ENTERTAINMENT GROUP,
AMJ MANAGEMENT, and AMJ ENTERTAINMENT EVENTS

                                                    DEFENDANTS


_____/



EXHIBIT C

TO

VERIFIED COMPLAINT

## IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF MISSISSIPPI WESTERN DIVISION

HENRY FAMBROUGH, SPINNERS PERFORMING ARTS, INC. D/B/A "THE SPINNERS"
                                                                    PLAINTIFFS

V.                                          CIVIL ACTION NO. 5:13-cv-46 DCB-MTP

GEORGE CAMERON, A/K/A G.C. CAMERON, INDIVIDUALLY
NATCHEZ CASINO OpCo, LLC, D/B/A MAGNOLIA BLUFFS CASINO;
CASINO HOLDING INVESTMENT PARTNERS, LLC;
PREMIER GAMING GROUP, INC.; L & G PRODUCTIONS, LINDA DIXON, A/K/A LINDA
THOMAS. A/K/A LINDA CAMERON, A/K/A LADY L, INDIVIDUALLY
AND THOSE JOHN DOES 1 THROUGH 10                           DEFENDANTS

### ORDER OF PERMANENT INJUNCTION
### AGAINST GEORGE CAMERON, A/K/A G. C. CAMERON, L & G PRODUCTIONS, LINDA DIXON, A/K/A LINDA THOMAS. AK/A LINDA CAMERON, A/K/A LADY L

Upon the Settlement Agreement and Stipulation of Plaintiffs, Henry Fambrough and

Spinners Performing Arts, Inc, d/b/a "The Spinners, professionally known as "The Spinners",

and Defendants George Cameron, a/k/a G. C. Cameron and L & G Productions, Linda Dixon,

a/ka Linda Thomas, a/k/a Linda Cameron, a/k/a Lady L,  for violation of Plaintiffs' trademark in,

"The Spinners" name;  entry of permanent injunction is **HEREBY GRANTED,**

As follows:

**IT IS HERBY ORDERED AND ADJUDGED,** Defendants, George Cameron, a/k/a G.

C. Cameron and L & G Productions, Linda Dixon, a/ka Linda Thomas, a/k/a Linda Cameron,

a/k/a Lady L,  his/her  and their  employees, officers, associates, partners, performance group

singers, agents, attorneys, successors, and assigns, and all those in active concert and/or

participated with any of them, who shall receive actual notice of this Order, are hereby

permanently enjoined  from engaging in the following activities, or in any of them:

(1) Directly or indirectly infringing upon the goodwill associated with Plaintiffs'

Trade and service mark "The Spinners", officially registered as a trademark and service Mark,

U.S. Serial Number 73055949.  Accordingly;

(2) Defendants shall not engage in any professional endeavor, including, but not limited to, live or recorded performances or releases of any sound or video recording, with one or more person who describe or promote themselves as "The Spinners", 'The Spinners Review", "The Motown Spinners", "The Detroit Spinners", "The Atlantic Records Spinners", "G. C. Cameron featuring The Spinners", "The Spinners, Featuring G.C. Cameron", or any other name likely to be confused with "The Spinners' or "Spinners", without Plaintiffs' express written consent.

(3) Directly or indirectly infringing upon the trade name, "The Spinners" or using Plaintiff's trade name in any manner, including generally but not limited to advertising, promoting, performing, and/or exhibiting the services of Defendant George Cameron, a/k/a G.C. Cameron, or of anyone else that infringes said trade name, "The Spinners" accordingly;

(4) Defendants, all of them referenced in this Order only and G.C. Cameron, his/their agents affiliates, successors ,assigns ,attorneys, partners and employees are enjoined, anywhere in the world, from orally promoting or describing to a pubic audience, or from creating, issuing or disseminating to, or having created, issued, or disseminated, any writing distributed or visible to the public, referring to or using the word "Spinners, or any word or name likely to be confused with The Spinners, including, The Spinners", "The Spinners Review", "The Motown Spinners", "The Detroit Spinners", "The Atlantic Records Spinners", "G. C. Cameron featuring The Spinners"," "The Spinners, Featuring G.C. Cameron", or any other name likely to be confused with "The Spinners" or "Spinners".

(5) Engaging in any conduct that tends falsely to represent, or is likely to confuse, mislead, or deceive purchasers, Defendants customers, and/or members of the public to believe, that the actions of Defendants, including the advertisement, promotion, performance, and/or exhibition of any performance or under the name "The Spinners," or any similar incarnation of the name, are sponsored, approved, or licensed by Plaintiffs, or are in some way associated, affiliated, or connected with Plaintiffs and/or with "The Spinners";

(6) Affixing, applying, annexing, or using in connection with the advertisement, promotion, performance, and/or exhibition of any performance or performers under the name "The Spinners," or any similar incarnation of the name, a false description or representation, including words or false symbols tending to describe or represent such goods or services as being those of Plaintiffs;

(7) Diluting and/or infringing Plaintiffs' trade name "The Spinners," and/or damaging Plaintiffs' goodwill, reputation and business;

(6) Effecting assignments or transfers, forming new entities or associations, or utilizing any other means, device or artifice, for the purpose of circumventing or otherwise avoiding the prohibitions set forth in this order of permanent injunction.

PROVIDED HOWEVER, Defendant George Cameron, a/k/a G.C. Cameron, may refer to himself in any marketing scheme for any performances for himself and those who perform with him, if presented as a group, the he and only he, is a former/ ex singer, or former/ ex lead performer with "The Spinners". He shall insure that this qualification is prominently disclosed in all of his promotional materials and those who perform with him, should that be the case.

Pursuant to Fed. R. Civ P. 54 (b), the court hereby makes an express determination that there is no just reason for delay, and expressly directs entry of this judgment of permanent injunction forthwith.

IT IS SO ORDERED,

s/David Bramlette
10/30/13

**APPROVED AS TO FORM:**

**PAUL MATHIS, LLP**

Paul Mathis, Jr., Esq.; MSB No. 8993
Attorney for the Plaintiffs

**LAW OFFICES OF BOBBY MOAK**

Robert W. Moak, Esq., MSB No. 9915
Attorney for the Defendants George Cameron, a/k/a G.C. Cameron,
L & G Productions; Linda Dixon, a/k/a Linda Thomas, a/k/a Linda Cameron,
a/ka LADY L.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

SPINNERS PERFORMING ARTS, LLC, D/B/A "THE SPINNERS"
AND HENRY L. FAMBROUGH

                                                    PLAINTIFFS

VS                              CIVIL ACTION NO_____


FRANK WASHINGTON, INDIVIDUALLY, HIS AGENTS
AND JOHN DOES 1-10, ACTING IN CONCERT WITH HIM;
ANDREA JACKSON, INDIVIDUALLY; AMJ ENTERTAINMENT GROUP,
AMJ MANAGEMENT, and AMJ ENTERTAINMENT EVENTS

                                                    DEFENDANTS


_____/



EXHIBIT D

TO

VERIFIED COMPLAINT

The National Black Radio Hall of Fame
August 30, 2018

Don't miss The Spinners, Uvee Hayes and The Dreams of Chicago with a special tribute to the DELLS. Get your tickets early. Tickets for the Spinners Show are now on sale at Metrotix and Harris-Stowe State University and other local outlets. On line sales are available. And Disabled parking and elevators are accessible at Harris - Stowe. Presented by The National Black Radio Hall of Fame and the Don and Heide Wolff Jazz Institute of Harris-Stowe State University..Call today Metrotix (314) 534-1111 or Harris-Stowe (314) 340 3343.



2 Likes  3 Shares



**Bernie Hayes**
October 1 at 11:43 AM · 🌐



    

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

SPINNERS PERFORMING ARTS, LLC, D/B/A "THE SPINNERS"
AND HENRY L. FAMBROUGH

PLAINTIFFS

VS                                          CIVIL ACTION NO_____

FRANK WASHINGTON, INDIVIDUALLY, HIS AGENTS
AND JOHN DOES 1-10, ACTING IN CONCERT WITH HIM;
ANDREA JACKSON, INDIVIDUALLY; AMJ ENTERTAINMENT GROUP,
AMJ MANAGEMENT, and AMJ ENTERTAINMENT EVENTS

DEFENDANTS

_____/

EXHIBIT E

TO

VERIFIED COMPLAINT

## ACKNOWLEDGEMENT

The undersigned acknowledges that Spinners Performing Arts, LLC owns US trademark registration No. 1061389 for THE SPINNERS for entertainment services. The undersigned further acknowledges that he does not have rights to use THE SPINNERS as a trademark, unless expressly authorized by The Spinners Performing Arts, LLC. The undersigned represents and warrants that he will not use THE SPINNERS as a trademark except with authorization from The Spinners Performing Arts, LLC and that any such unauthorized use of the name and/or image is subject to enforcement under the applicable laws governing infringement. However, nothing herein shall prevent the undersigned from using the phrase "Frank Washington, former lead singer of the Spinners," or other descriptive non-trademark uses.

_____     10 - 11 - 18

Frank Washington                              Date

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

SPINNERS PERFORMING ARTS, LLC, D/B/A "THE SPINNERS"
AND HENRY L. FAMBROUGH

PLAINTIFFS

VS                                    CIVIL ACTION NO_____

FRANK WASHINGTON, INDIVIDUALLY, HIS AGENTS
AND JOHN DOES 1-10, ACTING IN CONCERT WITH HIM;
ANDREA JACKSON, INDIVIDUALLY; AMJ ENTERTAINMENT GROUP,
AMJ MANAGEMENT, and AMJ ENTERTAINMENT EVENTS

DEFENDANTS

_____/

EXHIBIT F

TO

VERIFIED COMPLAINT

# www1.ticketmaster.com

Mother's
Day Festival

## Event Info

WE Entertainment & Production are doing a concert/festival to raise some funds for Ayden's Army of Angels. At the same time WE are giving an opportunity to the community to raise money for their families. Las Vegas is a musical community so WE are having a host of entertainers to perform for the audience. This will give our vendors a chance to make money for their families. It will give our sponsors a chance for more exposure to the community and perhaps the world. Please come enjoy us in making this event a huge success!

LOCAL PERFORMERS:
- Avana Christie
- You and I Band featuring Rick James and Teena Marie and the Mary Jane Girls

CELEBRITY PERFORMERS:
- Phyllies Intruders featuring Tony Strong
- Stylistics Revue
- Frank Washington Spinners Revue
- Blue Magic
- Force MDS

General Admission                    $25.00

··  AT&T 🤖                    9:45 PM                    🔋

# www1.ticketmaster.com          ↻

# Mother's Day Festival

Sat • May 04 • 2:00 PM

Mother's Day Festival

## The Amp at Craig Ranch
Craig Ranch Park 628 W. Craig Rd, North Las Vegas, NV
See All Events at The Amp at Craig Ranch

Get Directions ↗

Please note: Permitted Items include:
Chair no more than 3" tall
Blanket
Pillow

The following items are NOT ALLOWED:
- No Re-Entry
- No Chairs taller than 3 feet
- No Coolers
- No Canopies or Easy Ups
- No Large Umbrellas
- No Smoking in seating sections
- No Weapons
- No Outside food or beverages (sealed water okay)
- No Video cameras





# Mother's Day Festival

Saturday **4 May** 2019 **2:00 PM** ▸▸ Saturday **4 May** 2019 **11:59 PM**

🔖 S A V E

North Las Vegas (https://www.evensi.us/nevada/north-las-vegas) ›
**Mother's Day Festival** (https://www.evensi.us/mothers-day-festival-the-amp-at-craig-ranch/285437046)



(https://s1.ticketm.net/dam/c/48b/2352e3b5-8496-496b-97a3-e605177e848b_105851_RET
INA_PORTRAIT_3_2.jpg)

Last update 17/01/2019     👁 11

📢
(https://business.evensi.com/plans/?
&eventId=285437046&utm_campaign

**FIND TICKETS**
ticketmaster.evyy.net

**The Amp At Craig Ranch**
Craig Ranch Park, North Las Vegas,
89032, NV, United States

Leaflet (Http://Leafletjs.com) | © OpenStreetMap
(Http://Osm.org/Copyright) Contributors

🚏 PLACES TO STAY





# Think StubHub but WITHOUT fees.

Same tickets. Same seller.
10-15% cheaper at checkout.

TickPick    Shop Now ›

WEBSITE: ticketmaster.evyy....973FA1B9A (http://ti
cketmaster.evyy.net/c/339603/271177/4272?u=ht
tps%3A%2F%2Fwww.ticketmaster.com%2Fmothe
rs-day-festival-north-las-vegas-nevada-05-04-201
9%2Fevent%2F1700562973FA1B9A)

Browse other venues in **North Las Vegas**
(https://www.evensi.us/nevada/north-las-
vegas/venues?l=en)

ensi.us/mothers-day-festival-the-amp-at-craig-ranch/285437046)

(https://twitter.com/share?url=https://www.evensi.us/mothers-day-festival-the-amp-at-craig-ranch/285437046&text=Mother's Day Festival @ The Amp at Craig Ranch - 4-May @evensi_app)

(https://plus.google.com/share?url=https://www.evensi.us/mothers-day-festival-the-amp-at-craig-ranch/285437046)

(mailto:?subject=Mother's Day Festival&body=Mother's Day Festival - 04/05/2019 - https://www.evensi.us/mothers-day-festival-the-amp-at-craig-ranch/285437046)

(https://www.pinterest.com/pin/create/button/?url=https%3A%2F%2Fwww.evensi.us%2Fmothers-day-festival-the-amp-at-craig-ranch%2F285437046&media=https%3A%2F%2Fs1.ticketm.net%2Fdam%2Fc%2F48b%2F2352e3b5-8496-496b-97a3-e605177e848b_105851_RETINA_PORTRAIT_3_2.jpg&description=Mother%27s+Day+Festival+%40+The+Amp+at+Craig+Ranch+-+4-May+https%3A%2F%2Fwww.evensi.us%2Fmothers-day-festival-the-amp-at-craig-ranch%2F285437046)



WE Entertainment & Production are doing a concert/festival to raise some funds for Ayden's Army of Angels. At the same time WE are giving an opportunity to the community to raise money for their families. Las Vegas is a musical community so WE are having a host of entertainers to perform for the audience. This will give our vendors and musicians a chance to make money for their families. It will give our sponsors a chance for more exposure to the community and perhaps the world. Please come join us in making this event a huge success. VIP seats are $55 in advance and include backstage passes for the meet and greet for the first 300 people. LOCAL PERFORMERS: - Avana Christie - You and I Band featuring Rick James and Teena Marie and the Mary Jane Girls CELEBRITY PERFORMERS: - Phyllies Intruders featuring Tony Strong - Stylistics Revue - Frank Washington Spinners Revue - Blue Magic - Force MDS

1 | No Fee Tickets    Compare our prices and commissions at the checkout screen (Source) ⊘     [Ad ▾]
2 | Download PDF (Free)    Download & Share Your Documents (Fill-n.pdf) ⊘     [Ad ▾]

FESTIVALS

## NEARBY HOTELS AND APARTMENTS

**The Amp at Craig Ranch**
Craig Ranch Park, North Las Vegas, 89032, NV, United States

🔒 **songkick.com**



📱 **Get The Free App**

Atlantic City, NJ, US

**BUY TICKETS**

| INTERESTED | GOING |

---

**UPCOMING FESTIVAL**

## Saturday 04 May 2019

### Mother's Day Festival 2019

The Spinners, The Stylistics, Blue Magic, Force M.D.'s, and The Legendary Intruders
North Las Vegas, NV, US

**BUY TICKETS**

| INTERESTED | GOING |

---

**PAST CONCERT**



## Saturday 07 May 2011

**Charlie Wilson**, The Whispers, Keith Sweat, and Mother's Day Music Fest
Boardwalk Hall, Atlantic City, NJ, US

| I WAS THERE |